1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    STEVEN EDGAR, also known as Norman            No.  2:21-CV-1534-TLN-DMC-P
      J. Craig,

12
                       Petitioner,

13                                                  FINDINGS AND RECOMMENDATIONS

              v.

14
      JOHN DAGOSTINI, et al.,

15
                       Respondents.

16

17

18            Petitioner, a pre-trial detainee proceeding pro se, brings this petition for a writ of

19    habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's petition for

20    a writ of habeas corpus, ECF No. 1.

21            Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

22    dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits

23    annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it

24    is plain that Petitioner is not entitled to federal habeas relief.

25            Petitioner is a pre-trial detainee.  See ECF No. 1, pg. 2.  According to Petitioner,

26    he was arrested without probable cause.  See id. at 3.  Petitioner also asserts ineffective assistance

27    of his appointed counsel based on counsel's alleged refusal to investigate the case.  See id. at 4.

28    ///

                                                    1

1    Principles of comity and federalism require that this Court abstain and not

2  entertain Petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted

3  available state judicial remedies, and (2) "special circumstances" warrant federal intervention.

4  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980).  Only in cases of proven harassment

5  or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid

6  conviction and perhaps in other special circumstances where irreparable injury can be shown is

7  federal injunctive relief against pending state prosecutions appropriate.  See id. at 84 (citing Perez

8  v. Ledesma, 401 U.S. 82, 85 (1971)).  In his petition, Petitioner makes no such showing of

9  "special circumstances" warranting federal intervention before the trial is held and any appeal is

10  completed.  See id.  Nor does Petitioner indicate that he has exhausted state court remedies.

11  Petitioner specifically states in the petition that he has not presented his claims to any state court.

12  See ECF No. 1, pg. 5.

13    Accordingly, this Court should abstain and dismiss this action without prejudice.

14  The alleged problems that Petitioner claims he is enduring are matters that can and should be

15  addressed in the first instance by the trial court, and then by the state appellate courts, before he

16  seeks a federal writ of habeas corpus.

17    Based on the foregoing, the undersigned recommends that Petitioner's petition for

18  a writ of habeas corpus, ECF No. 1, be summarily dismissed.

19    These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court.  Responses to objections shall be filed within 14 days after service of

23  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

24  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25

26  Dated:  December 6, 2021

27  _____
    DENNIS M. COTA
28  UNITED STATES MAGISTRATE JUDGE

2